*Thursday, July 24, 1997*

## MOTION DOCKET

**95–2572. State v. Williams.**
Summit App. No. 16418. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

**97–414. State v. Spivey.**
Mahoning App. No. 89 C.A. 172. This cause is pending before the court as an appeal from the Court of Appeals for Mahoning County. On July 22, 1997, appellee filed a document titled "Motion for Leave/Motion to Participate in Oral Argument," in which appellee seeks leave to file an untimely brief. Whereas S.Ct.Prac.R. XIV(1)(C) prohibits untimely filings and motions to waive the rule,

IT IS ORDERED by the court, *sua sponte*, that appellee's motion be, and hereby is, stricken.

**97–833. State ex rel. Englewood v. Montgomery Cty. Bd. of Commrs.**
In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. On July 11, 1997, relator filed with the Clerk a document titled "Motion for Summary Judgment and Memorandum in Support Submitted by relator City of Englewood, Ohio in Support of this Court's Issuance of Peremptory or Alternative Writ of Mandamus," which was inadvertently not docketed until July 22, 1997. Accordingly,

IT IS ORDERED by the court, *sua sponte*, that respondent may file a memorandum opposing the motion within ten days of the date of this entry.

**97–1117. Simmons–Harris v. Goff.**
Franklin App. Nos. 96APE08–982 and 96APE08–991. This cause is pending before the court on discretionary appeals and cross-appeal and claimed appeals of right. Upon consideration of appellants/cross-appellees' motions to stay the court of appeals' decision pending appeal,

IT IS ORDERED by the court that the motions to stay be, and hereby are, granted.

## MISCELLANEOUS DISMISSALS

**97–795. GTE N., Inc. v. Pub. Util. Comm.**
Public Utilities Commission, No. 95–845–TP–COI. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio. It appears from the records of this court that appellant has not filed a merit brief, due July 21, 1997, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte.*